### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LABARIAN LEWIS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 16-cv-00813-SMY** |
| | ) | |
| **CHESTER MENTAL HEALTH CTR.,** | ) | |
| **JONIE FISHER, and DOCTOR CASEY,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This action came before the Court on Lewis's Complaint on July 18, 2016 (Doc. 1) via a transfer from the Central District of Illinois (*See* dkt. entry July 18, 2016). At the time of filing, Lewis did not pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). On July 19, 2016, this Court sent Lewis a letter requesting payment of the filing fee or completion of an attached IFP application (Doc. 3). The Order advised Lewis that failure to pay the fee or file the application could result in the dismissal of the case with associated penalties after 30 days. The 30 day period from July 19, 2016, has passed without any response from Lewis. Accordingly, the Court now dismisses Lewis's action for failure to comply with an order of this Court.

Moreover, even if the Court were to extend the time to pay the fee, a cursory review of the Complaint does not reveal any properly stated claims. The Complaint does not contain factual allegations specific to the named defendants and thus fails to put the Defendants on notice of any facts giving rise to a claim against them. *See Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (1955) (stating that bare labels and conclusions or a formulaic recitation of elements is insufficient to state a claim); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

In light of the insufficiency of Lewis's Complaint and his failure to comply with the Court's order in the time allotted, the Court has rendered the following decision:

**IT IS ORDERED AND ADJUDGED** this action is **DISMISSED**. **Dismissal is without prejudice**, and shall count as a **strike** for purposes of 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (noting that a "dismissal is a dismissal, and provided that it is on one of the grounds specified in § 1915(g) it counts as a strike, . . . , whether or not it's with prejudice."). The Clerk of the Court is DIRECTED to enter Judgment in favor of the Defendants and against Plaintiff Lewis.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**